**UNITED STATES v. MARSH et al.**
**No. 4509.**

Circuit Court of Appeals, Fourth Circuit.
Dec. 23, 1939.

For former opinion, see 107 F.2d 173.

Young M. Smith, of Washington, D. C., Atty., Department of Justice (Sterling Hutcheson, U. S. Atty., and Russell T. Bradford, Asst. U. S. Atty., both of Norfolk, Va., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, of Washington, D. C., Atty., Department of Justice, on the brief), for appellant.

Robert H. McNeill, of Washington, D. C. (Levin Nock Davis, of Accomac, Va., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and DOBIE, District Judge.

## PER CURIAM.

A petition for rehearing has been filed herein raising a number of questions, most of which have been fully treated in the opinion heretofore filed. The point is stressed that under the Virginia practice unusual weight must be accorded by an appellate court to the fact that two juries have decided in favor of plaintiff. The practice which we must follow on appeal, however, is the federal and not the state practice. Under that practice, we accord great weight to the finding of a jury in any case; but a verdict cannot be permitted to stand when not supported by substantial evidence, even though another jury on a former trial may have decided the same way.

It is urged that the case should be sent back for retrial instead of for entry of judgment for defendant because it is said that certain evidence of Dr. Fosque was improperly excluded, which, if admitted, would tend to show that the disability of insured was of permanent character. Only with respect to a question asked the doctor on redirect examination is there any semblance of ground for such contention; and as to this question the record contains no avowal of what the answer of the doctor would have been. It is elementary that we cannot consider the exclusion of testimony as ground for new trial unless the record contains such avowal. We have carefully examined the testimony of Dr. Fosque, however; and it is clear that his answer to the question, if permitted, could not have been of any help to plaintiffs. He had testified unequivocally that surgery is the only treatment for acute adhesions and that, as early as the middle of May, he had advised insured to go to a hospital for treatment by a surgeon. The trouble with plaintiff's case is that neither the doctor nor any one else was in position to say that at that time insured's condition was such that his disability was reasonably certain to be permanent. The doctor evidently did not think so when advising him to go to the hospital. Failure to follow this advice and to take the recognized treatment for a trouble known to be frequently curable leaves the question of permanency to mere speculation.

It is argued that there was no obligation resting on insured under the policy to submit to treatment. This is true, of course; but the obligation rests upon plaintiffs to show that a disability existing at the time of the lapse of the policy was both total and permanent in character. Its permanency must be view-

ed as of the time of lapse, i. e., it must be based upon conditions which rendered it reasonably certain *at that time* that it would continue throughout the life of insured. No such showing of permanency is made where insured is merely shown to have had an ailment known to be frequently curable. If this is followed by proof that the ordinary treatments were applied and insured died notwithstanding, the conclusion may well be drawn that the condition was permanent at time of lapse. But where the cause of the condition existing at time of lapse is known and is known to be frequently curable, and insured thereafter fails to avail himself of the treatment ordinarily relied on to effect a cure, it cannot be said that it was reasonably certain at time of lapse that the condition then existing would continue throughout insured's lifetime. Insured is not obliged to take treatment; but failure to take treatment may destroy, as here, the probative value which death resulting from the disability relied on would otherwise have.

Petition denied.